UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE EDWARD NESMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-491 |
| | § | |
| ROBERT M. SPEER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Joe Edward Nesmith, proceeding *pro se*, alleges that Defendant Robert Speer,[1] in his official capacity as Secretary of the Army, unlawfully discriminated against him in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, during his employment as an aircraft mechanic at the Corpus Christi Army Depot ("CCAD"). (D.E. 1). Specifically, Plaintiff alleges Defendant discriminated against him based on his disability, retaliated against him for exercising his Equal Employment Opportunity ("EEO") rights and subsequently unlawfully terminated his employment. (D.E. 1, Pages 2 and 9). Defendant filed the pending Motion to Dismiss on February 2, 2017 alleging Plaintiff's complaint should be dismissed for failure to timely exhaust his administrative remedies and/or for failure to state a plausible claim. (D.E. 10). On March 6, 2017, Plaintiff filed a timely response to the Motion to Dismiss. (D.E. 11 and D.E. 14).

---

[1]Plaintiff's complaint names Eric K. Fanning. However, Robert Speer is the current Acting Secretary of the Army.

1 / 15

As explained in more detail below, this action is derived from two EEO complaints filed by Plaintiff. Plaintiff's first EEO complaint is still pending review before the EEOC and Plaintiff is not procedurally barred from pursuing these claims before this Court. However, Plaintiff's second EEO complaint is subject to dismissal because Plaintiff failed to timely exhaust his administrative remedies. Therefore, it is respectfully recommended that Defendant's Motion to Dismiss be **GRANTED in part** because this Court lacks subject matter jurisdiction over Plaintiff's appeal of his second EEO complaint.

I. BACKGROUND

Plaintiff was employed at CCAD as an aircraft mechanic until his termination on June 20, 2014 based, in part, on alleged misconduct for being rude and discourteous to a supervisor. (D.E. 1, Page 13; D.E. 10-11, Pages 3-5; D.E. 10-11, Page 17). Prior to his termination, Plaintiff filed several EEO complaints alleging he was being unlawfully harassed by his direct supervisor. In his pending complaint and in his response to the pending Motion to Dismiss, Plaintiff states he is pursuing claims raised in his EEO complaint filed on March 31, 2014 with a Notice of Right to Sue Letter issued by the EEO on October 3, 2016. (D.E. 1, Page 1 and D.E. 14, Pages 1-2). Plaintiff testified at the initial conference held on February 24, 2017, that his claims before this Court relate to a single EEO complaint.[2] However, at the same hearing, Plaintiff cited to documents and raised arguments related to a different EEO complaint he later filed. Therefore, the

---

[2] Plaintiff stated his intent was to challenge only the EEO case ending in 389.

undersigned has considered Defendant's arguments as to both EEO complaints cited by Plaintiff.

### A. EEO Complaint Case NO. ARCCAD14FEB00389 ("First EEO Complaint")

In February 2014, Plaintiff met with his agency's EEO counselor regarding alleged disability discrimination and retaliation.[3] (D.E. 10-1, Page 4). On March 31, 2014, prior to his termination, Plaintiff filed a formal complaint of discrimination with his agency's EEO office alleging he was being subjected to discrimination by his direct supervisor as a reprisal for his prior protected EEO activity and for his disability. (D.E. 1, Page 26; D.E. 14, Page 23; D.E. 10-3, Pages 1-4). Specifically, Plaintiff alleged his supervisor had written him up on three separate occasions between February 5, 2014 and March 24, 2014 and further bullied, belittled and humiliated him in front of his co-workers. (D.E. 1, Page 26; D.E. 14, Page 23; D.E. 10-3, Page 4). Upon initial review by Plaintiff's agency, it was found Plaintiff had not stated a claim for discrimination and his agency's EEO manager dismissed Plaintiff's complaint for failure to state a claim. (D.E. 14, Page 23; D.E. 10-5, Page 1-5). Plaintiff appealed this decision and on November 28, 2014, the EEOC Office of Federal Operations remanded the complaint for further processing. (D.E. 1, Page 27; D.E. 10-6, Pages 1-5). It appears this case is still pending before Plaintiff's agency's EEO office and currently has a pending dispositive motion,

---

[3]Plaintiff had filed at least one earlier EEO complaint. However, Plaintiff's other EEO actions are not listed in his pending federal complaint and therefore, do not form the basis for this action. *See* D.E. 10, Page 2, Footnote 2 and D.E 10-3, Page 4. Further, at the initial conference, Plaintiff stated he was not challenging these additional EEO actions.

however, no further information has been provided. (D.E. 10, Page 3; D.E. 10-7, Page 1 and D.E. 1, Pages 31-32).

### B. Merit Systems Protection Board ("MSPB") Case No. DA-0752-16-0048-I-1 ("Second EEO Complaint")

Before the EEO case involving Plaintiff's First EEO Complaint above was remanded on November 28, 2014, Plaintiff filed a second formal EEO complaint on August 18, 2014, challenging his June 20, 2014 termination. (D.E. 1, Page 13; D.E. 10-4, Pages 1-7). On December 19, 2014,[4] Plaintiff's agency EEO manager issued a letter explaining the investigation had been completed and Plaintiff's case would be forwarded for the issuance of a final agency decision ("FAD") by the Army Director of EEO Compliance and Complaints Review, which would be issued within forty-five (45) days. (D.E. 1, Page 13; D.E. 10-8). The letter also explained Plaintiff's case was a "mixed case" appealable to the MSPB[5] and that, as it had been over 120 days since Plaintiff filed his complaint, he could appeal the matter directly to the MSPB or file a civil action, but not both. (D.E. 1, Page 13; D.E. 10-8).

On January 29, 2015, the Department of the Army EEO issued a FAD, sent to Plaintiff via certified mail, finding Plaintiff was not a victim of discrimination and Plaintiff was removed, in part, because of an incident of being discourteous directed

---

[4] This letter was inadvertently dated December 19, 2019 at the top of the letter.
[5] The MSPB is an administrative agency that has jurisdiction over specific "adverse employment actions" affecting federal employees, including terminations. *See London v. Potter*, No. 6-05-cv-161, 2007 WL 1655325, at *4 (E.D. Tex. June 7, 2007)(citations omitted); *see also* 5 U.S.C. § 7512. A "mixed case" is defined as a "complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability or genetic information related to or stemming from an action that can be appealed to the MSPB." 29 C.F.R. § 1614.302(a). The MSPB does not have jurisdiction over discrimination claims not related to appealable adverse actions. 5 U.S.C. § 7702.

toward his supervisor. (D.E. 1, Page 13; D.E. 10-10, Pages 10-11). In that FAD, Plaintiff was notified of his right to file an appeal with the MSPB or the appropriate U.S. District Court within thirty (30) days of receipt of the decision. (D.E. 1, Pages 14 and 22; D.E. 10-10, Pages 1 and 12).

On October 23, 2015, almost nine (9) months later, Plaintiff filed an appeal with the MSPB of the January 29, 2015 FAD. (D.E. 1, Page 13; D.E. 10-11, Pages 1 and 32-38). The administrative judge ordered Plaintiff to submit evidence and argument as to why his appeal was untimely filed. (D.E. 1, Page 14). On January 29, 2016, after reviewing Plaintiff's response, the MSPB administrative judge issued an initial decision dismissing Plaintiff's appeal as untimely without a showing of good cause for the delay in filing. (D.E. 1, Pages 14 and 22; D.E. 10-12). Plaintiff was informed he could file a petition for review with the MSPB for review by the full Board, which subsequently Plaintiff did, or an appeal with the United States Court of Appeals for the Federal Circuit within sixty (60) days after the decision became final. (D.E. 1, Page 22; D.E. 10-12, Pages 8-11; D.E. 10-13). On August 19, 2016, the MSPB issued a Final Order, denying Plaintiff's petition for review. (D.E. 1, Pages 12-18; D.E. 10-14). The MSPB determined Plaintiff's appeal of the January 29, 2015 FAD was due on or before March 5, 2015, making Plaintiff's October 23, 2015 appeal more than seven (7) months after the deadline. (D.E. 1, Page 15; D.E. 10-14, Pages 4-5). The MSPB further determined Plaintiff had failed to "demonstrate good cause for the untimely filing of his appeal." (D.E. 10-14, Page 5). The MSPB decision also informed Plaintiff he could appeal the

decision to either the EEOC or the appropriate U.S. District Court within thirty (30) days. (D.E. 1, Page 18; D.E. 10-14, Pages 6-7).

Less than a month later, on September 6, 2016, Plaintiff filed a petition for review with the EEOC asking for review of the MSPB's final decision. (D.E. 1, Page 22; D.E. 10-15, Page 1). On October 3, 2016, the EEOC determined that as Plaintiff's mixed case complaint had been dismissed by the MSPB on procedural grounds, the EEOC did not have jurisdiction to review the decision and denied Plaintiff's petition for review. (D.E. 1, Page 23; D.E. 10-15, Page 2). Plaintiff was informed he could appeal the MSPB FAD with the appropriate U.S. District Court within thirty (30) days. (D.E. 1, Page 23; D.E. 10-15, Page 2).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a complaint could be dismissed for both lack of jurisdiction and for failure to state a claim, "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Crenshaw-Legal*

*v. City of Abilene, Texas*, No. 11-10264, 2011 WL 3363872, at *1 (5th Cir. Aug. 4, 2011)(quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

When the facts in the complaint supporting subject matter jurisdiction are questioned, "a defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence" and "[t]he Court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c)." *Teamer v. Napolitano*, No. H-11-1808, 2012 WL 1551309, at *4 (S.D. Tex. May 1, 2012)(citations omitted). Further, the "burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction" so the Plaintiff bears the burden to demonstrate jurisdiction exists. *Ramming*, 281 F.3d at 161.

### B.     Federal Rule of Civil Procedure 12(b)(6)

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The requirement that the pleader show he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must

*v. City of Abilene, Texas*, No. 11-10264, 2011 WL 3363872, at *1 (5th Cir. Aug. 4, 2011)(quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

When the facts in the complaint supporting subject matter jurisdiction are questioned, "a defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence" and "[t]he Court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c)." *Teamer v. Napolitano*, No. H-11-1808, 2012 WL 1551309, at *4 (S.D. Tex. May 1, 2012)(citations omitted). Further, the "burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction" so the Plaintiff bears the burden to demonstrate jurisdiction exists. *Ramming*, 281 F.3d at 161.

### B.     Federal Rule of Civil Procedure 12(b)(6)

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The requirement that the pleader show he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must

then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations taking the claim from conclusory to factual and beyond possible to plausible. *Twombly*, 550 U.S. at 557. The *Twombly* court stated, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Iqbal*, 556 U.S. at 681.

### C. Exhaustion

As a precondition to filing suit in federal court, Title VII requires a federal employee claiming discrimination to first exhaust administrative remedies. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him.") Depending on the circumstances, federal employees may exhaust their administrative remedies through an appeal to the MSPB or by filing a complaint with their agency's EEO office.

Plaintiff's Title VII claim is a mixed case. When a federal employee alleges that discrimination was a component of an adverse personnel action, he may file either a "mixed case complaint" with the agency's EEO office or a "mixed case appeal" to the

then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations taking the claim from conclusory to factual and beyond possible to plausible. *Twombly*, 550 U.S. at 557. The *Twombly* court stated, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Iqbal*, 556 U.S. at 681.

### C. Exhaustion

As a precondition to filing suit in federal court, Title VII requires a federal employee claiming discrimination to first exhaust administrative remedies. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him.") Depending on the circumstances, federal employees may exhaust their administrative remedies through an appeal to the MSPB or by filing a complaint with their agency's EEO office.

Plaintiff's Title VII claim is a mixed case. When a federal employee alleges that discrimination was a component of an adverse personnel action, he may file either a "mixed case complaint" with the agency's EEO office or a "mixed case appeal" to the

MSPB, but the employee cannot avail himself of both remedies. *See Casimier v. United States Postal Service*, 142 Fed. App'x 201, 204 (5th Cir. 2005). The first filed of the mixed case complaint or the mixed case appeal is considered to be the employee's election of remedy. 29 C.F.R. § 1614.302.

An employee who initially chooses to file an EEO mixed case with the agency's EEO office may, after the agency issues a final decision or after 120 days have passed without a judicially reviewable action, appeal the matter to the MSPB or file a civil discrimination action in federal district court, but not both. 29 C.F.R. § 1614.302 and 5 U.S.C. § 7702. If the employee appeals the matter to the MSPB, after the MSPB administrative judge's decision becomes final, i.e. when neither party seeks further review, the MSPB Board denies a petition for review, or when the MSPB Board grants a petition for review and issues a decision, the employee can either appeal the final decision of the MSPB to the EEOC or file an appeal with the appropriate federal district court. If an employee appeals the MSPB decision to the EEOC, upon final decision of the EEOC, the employee may file an appeal with the appropriate federal district court within thirty (30) days. *See* 5 C.F.R. § 1201.113, §1201.157, § 1201.175, § 1614.310 and 5 U.S.C. § 7703.

If the plaintiff fails to first exhaust these administrative remedies, the district court lacks the jurisdiction to entertain the lawsuit. *Randel v. United States Dept. of the Navy*, 157 F.3d 392, 395 (5th Cir. 1998). A plaintiff's failure to exhaust administrative remedies "wholly deprives the district court of jurisdiction" to hear Title VII claims. *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990).

## III. DISCUSSION

On November 3, 2016, Plaintiff filed an application to proceed *in forma pauperis* in this Court, which was granted, after a hearing, on November 17, 2016. *See* Case No. 2:16-mc-1186, D.E. 1 and D.E. 3. The pending action was then opened by the Clerk of Court on November 17, 2016. On February 2, 2017, Defendant filed the pending Motion to Dismiss. (D.E. 10). It is clear from the Motion to Dismiss that the Defendant is uncertain as to which EEOC and MSPB decisions Plaintiff is challenging. Therefore, at the February 24, 2017 initial pretrial conference, the undersigned sought clarification from Plaintiff as to which of his agency actions he was challenging. Plaintiff asserted he was challenging the EEOC decision with a case number ending in 389 (i.e. the First EEO Complaint). However, as previously discussed, Plaintiff, in his complaint, at the hearing and in his response to the pending Motion, cites to information that coincides with two separate EEO cases so it appears Plaintiff may, in fact, be attempting to challenge two separate EEO cases, i.e. Plaintiff's First and Second EEO Complaints discussed above.

Defendant asserts Plaintiff's claims relating to the First EEO Complaint should be dismissed for failure to state a claim. (D.E. 10, Page 2, Footnote 3). Defendant further argues Plaintiff's appeal of the Second EEO Complaint was untimely and therefore, this Court should dismiss Plaintiff's claim for failure to timely exhaust his administrative remedies. (D.E. 10, Pages 9-10). Defendant alternatively argues Plaintiff's challenge to his Second EEO Complaint with this Court was untimely filed. (D.E. 10, Pages 10-11). The undersigned respectfully recommends Defendant's Motion be **DENIED** as to

Plaintiff's First EEO Complaint and **GRANTED** as to Plaintiff's Second EEO Complaint.

   A.   **First EEO Complaint**

Defendant moves to dismiss Plaintiff's claims raised in his First EEO Complaint in a single footnote wherein Defendant asserts:

> If Nesmith is relying on his First EEO Complaint as a basis for his judicial complaint, his claims should be dismissed for failure to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)(A plaintiff must assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (D.E. 10, Page 2, Footnote 3).

Defendant does not provide any additional argument other than generally citing the standard. Plaintiff alleges in his complaint that he requested an appointment with his agency's EEO representative to file a discrimination and retaliation complaint on February 3, 2014 and that immediately after, he was harassed and bullied by his supervisor who began to create false charges against him, one of which later resulted in Plaintiff's termination. (D.E. 1, Page 10). Plaintiff further states the "EEOC appeal remand [sic] my case stating – the alleged MOR's [charges/write-ups] would reasonably deter a person from engaging in protected activity." (D.E. 1, Page 10). This is a short and plain statement setting forth Plaintiff's grounds for relief. While not artfully drafted, Plaintiff's claims are sufficient to survive Defendant's Motion to Dismiss. Additionally, as Plaintiff is appearing *pro se*, his pleadings should be construed liberally. *Thorn v. McGary*, No. 16-30700, 2017 WL 1279222, at *2 (5th Cir. Apr. 5, 2017)(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(citations omitted). Further, Plaintiff attaches approximately twenty pages of supporting documents, including the EEOC Office of

Federal Operations decision remanding the Plaintiff's complaint to Plaintiff's agency's EEO office and Plaintiff's response to the pending dispositive motion. (D.E. 1, Pages 26-32).[6] Therefore, the undersigned recommends Defendant's Motion be **DENIED** as to Plaintiff's First EEO Complaint because Plaintiff has pled sufficient facts to survive a 12(b)(6) motion regarding his claim of discrimination related to his First EEO Complaint.[7]

B.   **Second EEO Complaint**

It is respectfully recommended that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's Second EEO Complaint because Plaintiff failed to timely exhaust his administrative remedies. *Tolbert*, 916 F.2d at 247-48 (district court did not have subject matter jurisdiction over a plaintiff's improperly exhausted administrative claims); *see also Devaughn v. U.S. Postal Serv.*, 293 Fed. App'x 276, 280-81 (5th Cir. 2008)(failure to timely exhaust administrative remedies divested district court of subject matter jurisdiction); *see also Casimier*, 142 Fed. App'x at 204. More specifically, on January 29, 2015, the Department of the Army EEO issued a FAD to Plaintiff via certified mail finding Plaintiff was not a victim of discrimination. (D.E. 1, Page 13; D.E.

---

[6]In a Federal Rule of Civil Procedure 12(b)(6) context, the Court construes the facts alleged in the complaint as true. The Court may also consider: (1) documents attached to the complaint or identified as central to the claims made therein; (2) documents attached to the motion to dismiss that are referenced in the complaint; and (3) documents that are subject to judicial notice as public record. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[7]In this case, Plaintiff filed a "mixed case complaint" with his agency's EEO office in March 2014 which Defendant asserts is still pending at the dispositive motion stage. While not raised by the Defendant, the undersigned notes it appears based on the limited facts currently before the Court that Plaintiff has exhausted his administrative remedies as to his First EEO Complaint because more than 120 days have passed without an EEO final decision.

10-10, Pages 10-11). In that FAD, Plaintiff was notified of his right to file an appeal with the MSPB or the appropriate U.S. District Court within thirty (30) days of receipt of the decision. (D.E. 1, Pages 14 and 22; D.E. 10-10, Pages 1 and 12). Plaintiff waited almost nine (9) months, until October 23, 2015, to file an appeal with the MSPB. (D.E. 1, Page 13; D.E. 10-11, Pages 1 and 32-38). The subsequent findings from the MSPB and the EEO did not address the merits of Plaintiff's claim, but rather, the timeliness of his appeal. (D.E. 1, Pages 14-15 and 22-23; D.E. 10-12; D.E. 10-14, Pages 4-5; D.E. 10-15, Page 2). These findings did not, as Plaintiff asserts, reopen a merits review of his case. (D.E. 14).

There is an inconsistency in the Fifth Circuit "regarding whether a failure to exhaust a Title VII administrative remedies is a jurisdictional requirement or a prerequisite to suit, with the former barring further judicial review of the matter and the latter permitting equitable considerations such as estoppel." *Devaughn*, 293 Fed. App'x at 281. Recognizing the split, Defendant, again in a single footnote, asserts this Court "need not resolve this issue as Plaintiff does not allege an adequate basis for equitable tolling or waiver in the instant action." (D.E. 10, Page 9). No further argument is provided addressing Plaintiff's reasons for the delay in his filing. However, having reviewed the argument Plaintiff presented during the administrative process,[8] the

---

[8] Plaintiff argued, based on the December 19, 2014 letter inadvertently dated December 19, 2019 (D.E. 10-8), that he believed he could file an appeal at any time after receiving the letter or by December 2019. (D.E. 10-12, Pages 2 and 4-6; D.E. 10-14, Pages 3-5). However, as found by the MSPB, "[t]o the extent the [Plaintiff] contends he was misled by the 'December 2019' date printed at the top of the December 2014 letter, his explanation is not credible, as it is not customary to place a deadline at the top of the letter near the letterhead…[further] any remaining

undersigned recommends none of his proffered reasons are sufficient to warrant any equitable consideration. The January 29, 2015 FAD clearly notified Plaintiff of his right to file an appeal with the MSPB or the appropriate U.S. District Court within thirty (30) days of receipt of the decision. (D.E. 1, Pages 14 and 22; D.E. 10-10, Pages 1 and 12).[9] Therefore, it is respectfully recommended that the Court lacks subject matter jurisdiction over Plaintiff's claims regarding his Second EEO complaint.

IV. **RECOMMENDATION**

For the reasons stated above, it is respectfully recommended that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's Second EEO Complaint because Plaintiff failed to timely exhaust his administrative remedies and **DENIED** as to Plaintiff's First EEO Complaint.

Respectfully submitted this 14th day of April, 2017.

_____
Jason B. Libby
United States Magistrate Judge

---

confusion should have been dispelled by the FAD itself, which explicitly stated that the [Plaintiff] had the right to file a Board appeal 'within <u>30 calendar days</u> of the receipt of this decision." (D.E. 10-14, Page 5). "Accordingly, his claim that he thought his deadline was five years away, in 2019, is not credible, nor does it demonstrate that he exercised reasonable diligence or prudence under the circumstances." (D.E. 10-12, Page 6). The undersigned agrees with the MSPB's reasoning.

[9]Defendant's alternate argument that Plaintiff did not timely file the pending federal action challenging the Second EEO Complaint is incorrectly calculated. In the pending motion, Defendant acknowledges Plaintiff had until November 7, 2016 to file his federal action. (D.E. 10, Page 10). While Defendant asserts Plaintiff did not file his judicial complaint until November 17, 2016, Defendant fails to account for Plaintiff's *in forma pauperis* filing on November 3, 2016, which included his judicial complaint. (Case No. 2:16-mc-1186, D.E. 1). Therefore, the undersigned recommends Plaintiff's pending federal complaint as to his Second EEO Complaint is timely filed.

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).