UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE EDWARD NESMITH, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-491 |
| § | |
| ROBERT M. SPEER, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendant's Motion to Dismiss (D.E. 82) and Motion for Summary Judgment (D.E. 95). On February 13, 2019, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (D.E. 104), recommending that Defendant's Motion to Dismiss be denied, Defendant's Motion for Summary Judgment be granted, and Plaintiff's claims be dismissed. Plaintiff timely filed his objections (D.E. 105) on February 27, 2019, to which Defendant replied (D.E. 107). To correspond with the elements of a retaliation claim and for ease of disposition, the Court has rearranged, renumbered, and restated the objections, and each is addressed in turn.

First, with respect to his ability to show a prima facie case of retaliation, Plaintiff objects to the Magistrate Judge's conclusion that the Memoranda for Record (MFRs) are not adverse employment actions.[1] While he apparently accepts the fact that they did not compel any decision to terminate his employment or adversely affect his pay or working

---
[1] Plaintiff's Objection 1.

conditions, Plaintiff complains that they chilled his protected activity.[2]  Specifically, he points out that what the Magistrate Judge found to be continued engagement in protected activity after receipt of the MFRs was nothing more than completing a complaint process that he had begun prior to the issuance of the specific MFRs at issue here.

The contention that MFRs are adverse employment actions in practice because they might chill an employee's protected activity is not supported by this record. Plaintiff recounts that he received 29 MFRs from June 19, 2012 to February 3, 2014, and his only assertion of a chilling effect is directed to an MFR issued in 2012.  None of the MFRs that are at issue here deterred him from prosecuting grievances.  D.E. 96-2, ¶¶ 7, 13.  Plaintiff has cited no authority that prohibits a court's consideration of the full employment record when considering the effect of the claimed adverse employment action.

The M&R details the long history of MFRs, as well as a union grievance and EEOC actions taken by Plaintiff against Defendant.  The record reflects that Plaintiff has reacted defiantly and prosecuted his grievances despite the frequent issuance of MFRs documenting his improper conduct.  The Court OVERRULES Plaintiff's first objection regarding his failure to demonstrate a prima facie case.[3]

Second, Plaintiff objects to the Magistrate Judge's finding that Defendant satisfied its burden of articulating legitimate non-retaliatory reasons for issuance of the MFRs by: (a) providing Nesmith's record of written performance violations, including one written

---

[2] Plaintiff's Objection 5.
[3] Even if the MFRs are deemed to constitute an adverse employment action, the case fails because of Defendant's articulation of legitimate non-retaliatory reasons for the MFRs and Plaintiff's failure to overcome that evidence with his own evidence of pretext, as detailed below.

warning cautioning him about possible termination; (b) twice suspending him in 2012 for behavior similar to that described in the 2014 MFRs at issue; and (c) showing that Jose Mondragon repeatedly issued MFRs to Nesmith for what he considered discourteous behavior.[4]

Plaintiff complains that previous MFRs and disciplinary actions should not be considered because an employee does not have any procedural recourse for rebutting the matters stated in an MFR through Defendant's disciplinary process. While there may be limitations on an employee in Defendant's rules of procedure, the Magistrate Judge's task is to determine whether Plaintiff offered evidence to rebut the charges in this action. This action is not governed by the rules of Defendant's disciplinary procedure. Plaintiff had a full opportunity to be heard on these issues and failed to adequately controvert that evidence.

Moreover, casting doubt on Defendant's articulated non-retaliatory reasons for its actions is not enough under Plaintiff's burden of proof to raise a disputed issue of material fact. Defendant's burden is only to articulate a non-retaliatory reason, not to prove it. The colorable non-retaliatory reason that Defendant must articulate only has the effect of triggering Plaintiff's burden to raise a disputed issue of material fact on pretext. As the Fifth Circuit has stated,

> To overcome a motion for summary judgment, of course, the plaintiff need only produce evidence to create a genuine issue of material fact concerning pretext. It is clear, however, that the plaintiff's summary judgment proof must consist of more than a mere refutation of the employer's legitimate

---
[4] Plaintiff's Objections 2, 3, 4, 6, and 8.

> non[retaliatory] reason. To demonstrate pretext, the plaintiff must do more than cast doubt on whether the employer had just cause for its decision; he or she must show that a reasonable factfinder could conclude that the employer's reason is unworthy of credence. Specifically, there must be some proof that [retaliation] motivated the employer's action, otherwise the law has been converted from one preventing [retaliation] to one ensuring dismissals only for just cause to all people [who file EEOC complaints].

*Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815–16 (5th Cir. 1993) (footnotes and original quotation marks and bracketing omitted).

Plaintiff contends that the supervisor's withdrawal of some of the MFRs he has challenged here, in the course of a first level union grievance, is an admission that the MFRs were lacking substance or veracity. This is not borne out in the record. Plaintiff has failed to point to any admission on the part of Plaintiff's chain of command that the MFRs were groundless and that they were rescinded for that reason. A party to a dispute may buy its peace without any admission of wrongdoing and Plaintiff has supplied nothing to indicate that his supervisor withdrew the MFRs because they had no merit.

By issuing the February 10, 2014 MFR, Plaintiff's supervisor reclaimed the legitimacy of the complaints stated therein and based adverse employment action (which is not at issue here) in part on Plaintiff's rude, discourteous, and insubordinate conduct outlined in the MFR. D.E. 95-16, 95-18, 95-19, 95-20, 95-21. This is some evidence of colorable grounds for the issuance of the MFRs. Plaintiff's failure to controvert this evidence eliminates any fact question under the standard of review, requiring evidence rather than allegations or arguments to raise a disputed issue of material fact. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075-79 (5th Cir. 1994).

In addition, Plaintiff's earlier uncontroverted suspensions corroborate that Plaintiff engaged in the type of conduct outlined in the MFRs for which disciplinary action is appropriate. MFRs had been used to try to bring Plaintiff's conduct into conformity with Defendant's appropriate expectations long before the current MFRs were issued. The Magistrate Judge did not err in considering the totality of the record. Plaintiff has cited no authority for limiting a court's review of an employment dispute to particular events cherry-picked by Plaintiff.

Plaintiff objects to the Magistrate Judge's determination that he failed to respond to Defendant's alleged non-retaliatory reasons for its actions by producing evidence that would permit a reasonable jury to find that he would not have received the MFRs but for his protected activity. More specifically, he complains without citation to authority that the Magistrate Judge should have listed the Defendant's evidence on which he relied. There is no such requirement. 28 U.S.C. §636(b)(1) (requiring only findings of fact and conclusions of law, not any inventory of the evidence). He complains that the Magistrate Judge did not credit his declaration, which this Court finds impermissibly conclusory and thus insufficient as summary judgment evidence. *Little, supra*. He complains that his grievance of the matter, resulting in the rescission of the MFRs, is evidence that the MFRs were improper. As addressed above, that action is not evidence that the MFRs were groundless.

Plaintiff further argues that he gave appropriate explanations for certain charges contained in the MFRs, such as his use of the computer before work hours to conduct union business and the fact that contacting the employee relations specialist for purposes

unrelated to his own employment did not violate the chain of command. Accepting that as true for purposes of argument, it does not eliminate the remaining charges that were found substantiated, including rude and insubordinate behavior. The Court OVERRULES Plaintiff's second objection regarding Defendant's satisfaction of its burden to articulate a non-retaliatory reason for its actions.

Third, with respect to pretext, Plaintiff relies on the temporal proximity between his protected activity and the issuance of the MFRs.[5] This argument treats the three MFRs at issue here as existing in a vacuum, which is not the case. Furthermore, the Fifth Circuit has made it clear that temporal proximity, alone, will not satisfy a plaintiff's burden when there is other evidence explaining an adverse employment decision. "[W]e affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation. Such a rule would unnecessarily tie the hands of employers." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007); *see also, Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018).

Plaintiff generally objects to the Magistrate Judge's rejection of his effort to show pretext, disagreeing that (a) the MFRs were substantiated by "other evidence" in the summary judgment record, (b) he "failed to provide any evidence that challenges the accuracy of the MFRs," and (c) he failed to dispute that each incident that is the subject of the MFRs occurred. Having reviewed the record and for the reasons outlined above, the Court agrees with the Magistrate Judge's conclusions, including that Plaintiff failed to adequately dispute his rude, discourteous, and insubordinate conduct and that

---

[5] Plaintiff's Objection 7.

Defendant's representation of the incidents is corroborated. The Court OVERRULES Plaintiff's third objection, which challenges the finding that Plaintiff failed to show pretext.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's motion to dismiss (D.E. 82) is **DENIED**, Defendant's motion for summary judgment (D.E. 95) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 18th day of March, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE